UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVAUGN K. ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>TY JONES, et al.,<br><br>    Defendants. | No.  2:22-cv-1717 KJM CKD P<br><br><br>ORDER |

   Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On October 7, 2022, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has not filed objections to the findings and recommendations.

   The court presumes that any findings of fact are correct.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court

/////

1

. . . ."). Having reviewed the file, the court finds the findings and recommendations are not supported by the proper analysis.

The magistrate judge recommends denying plaintiff's Fourteenth Amendment claim. *See* ECF No. 11 at 4. This screening order finds plaintiff "fails to state a claim for relief under the Fourteenth Amendment." *See id.* at 2. The magistrate judge finds there is "nothing in plaintiff's complaint suggesting he has a viable Fourteenth Amendment claim . . . ." *Id.*

"[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Further, a "district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Id.* (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir.1988)). The screening order here does not meet this requirement. The order cites no legal authority governing Fourteenth Amendment claims and does not address the allegation that plaintiff, a transgender inmate, was injured "due to [her] sexual orientation and gender." ECF No. 1 at 2–3. Nor does the order provide any explanation for the finding that there is a failure to state a claim. As a result, the order's conclusory assertion that plaintiff failed to state a claim for relief does not allow the plaintiff an effective opportunity to cure the purported deficiency in the complaint. Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed October 7, 2022, are not adopted;

2. The magistrate judge is directed to screen plaintiff's Fourteenth Amendment claim and provide plaintiff notice of the deficiencies, if any, in the complaint; and

3. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings consistent with this order.

DATED: January 17, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE